CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/26/2024
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

HENRY FLEMING,

    Plaintiff,

v.                                                Case No.  **6:24CV00057**

CARGUARD ADMINISTRATION, INC.,

and

AUTOPROTECT USA, LLC,

    Defendants

## NOTICE OF REMOVAL

COMES NOW the defendant, Carguard Administration, Inc. ("Carguard"), by counsel, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby files its *Notice of Removal* of this action from the Circuit Court for the City of Lynchburg, Virginia to the United States District Court for the Western District of Virginia. As addressed herein below, this honorable Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the properly joined and served parties to the litigation, and the amount in controversy is in excess of $75,000, exclusive of interests and costs. In further support of this Removal, the Defendant states as follows:

### INTRODUCTION

1.     Plaintiff initiated this action on October 21, 2024 by complaint (hereinafter, the "Complaint") in the Circuit Court for the City of Lynchburg, Virginia against Carguard and AutoProtect USA, LLC ("AutoProtect") (collectively, the "Defendants"), the said action being assigned case number CL24001044.

2. Plaintiff's Complaint generally alleges Carguard (1) violated the Virginia Extended Service Contract Act when it "improperly denied or failed to honor a purchaser's request" for coverage under the extended service contract (Compl. ¶ 44); (2) violated the Magnuson-Moss Warranty Act when it failed to disclose the terms of the service contract clearly and conspicuously (Compl. ¶ 59); and (3) breached its duty to cover the repairs under the terms of the service contract, resulting in Plaintiff suffering damages and the loss of the use of the vehicle and rental car costs (Compl. ¶ 66, 67).

3. Plaintiff's Complaint further alleges that the Defendants violated the Virginia Consumer Protection Act (Compl. ¶¶69-76) and engaged in fraud with actual malice or willful and wanton disregard for the rights of the Plaintiff (Compl. ¶ 84).

4. The Complaint demands statutory and actual damages in the amount of $45,000, and punitive damages in the amount of $150,000. (Compl. at PRAYER FOR RELIEF).

**GROUNDS FOR REMOVAL**

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

   a. Removal is timely and the amount in controversy exceeds $75,000.

5. Plaintiff properly served the Complaint on Carguard on October 30, 2024.

6. Removal is timely pursuant to 28 U.S.C. 1446(b)(3) because Defendant's Notice of Removal was made within thirty (30) days of service of process being made on October 30, 2024.

7. Because Plaintiff seeks a total of $195,000 in statutory, actual, and punitive damages relating to this claim, the amount in controversy, exclusive of interest and costs, exceeds $75,000 as required by 28 U.S.C. § 1332(a).

b. <u>There is complete diversity among the parties.</u>

8. Upon information and belief, at all times relevant hereto, including at the time of the filing of his Complaint and the instant Removal, Plaintiff was a citizen and resident of Lynchburg, Virginia. (Compl. ¶ 1)

9. For the purposes of 28 U.S.C. §§ 1332 and 1441, a corporation is a citizen of each State and foreign state by which it has been incorporated or it has a principal place of business. 28 U.S.C. § 1332(c)(1).

10. Carguard is a Kansas corporation, with its principal place of business in Scottsdale, Arizona.

11. AutoProtect is a Delaware company, with its principal place of business in Maryland Heights, Missouri.

12. Accordingly, at all relevant times hereto, including at the time of the filing of Plaintiff's Complaint in state court and at the time of this Removal, there is complete diversity among the parties at issue in this case and removal is proper under 28 U.S.C. §§ 1332 and 1441(b).

II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.

13. This Court also has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

14. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

15. Federal question jurisdiction exists where a plaintiff pleads federal violations on the face of the complaint. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S.C. 804, 808 (1986). Under the well-pleaded complaint rule, a defendant may remove a case

to federal court if "the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1883) (emphasis omitted).

16. A case "arises under" federal law when the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

17. It is well-established that a single claim over which federal question jurisdiction exists is sufficient for removal. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-66 (1997).

18. This Court has jurisdiction of this case under §§ 1441(b) and 1331 because Plaintiff alleges claims arising under the laws of the United States *i.e.,* the Magnuson-Moss Warranty Act. (Compl. ¶ 55-62). Plaintiff alleges Carguard provided a service contract under Magnusson-Moss and had a duty to provide the terms of the service contract clearly and conspicuously under 15 U.S.C. § 2306(b) (2024). (Compl. ¶ 56, 57). Plaintiff alleges Carguard breached that duty when it failed to disclose the terms of the service contract clearly and conspicuously, thus entitling Plaintiff to damages and attorney fees and costs under 15 U.S.C. § 2310(d)(2) (2024). (Compl. ¶ 59-62).

19. Magnuson-Moss Warranty Act is a federal law, enforced by the Federal Trade Commission, which governs warranties on consumer products to "improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products." 15 U.S.C. § 2302(a).

20. Accordingly, this Court should exercise federal question jurisdiction here.

III. VENUE AND OTHER REQUIREMENTS ARE SATISFIED.

21. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1) and 1441(b). Consistent with 28 U.S.C. § 1441(a), venue for removal is proper in this District and Division because this District and Division embraces the Circuit Court for the City of Lynchburg, the forum in which the removed action was pending. Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(b)(2).

22. The Defendants are not a citizens of the Commonwealth of Virginia, the state where this action was originated. *See*, 28 U.S.C. § 1441(b)(2).

23. Pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, and orders served in the original state court action as of this date are collectively attached hereto as **Exhibit A.**

24. Pursuant to 28 U.S.C. § 1446(d), the Defendant filed a written notice of removal with the Clerk of the Circuit Court for the City of Lynchburg, a copy (without exhibits) of which is attached hereto as **Exhibit B**. A copy of the instant *Notice of Removal* is being served upon Plaintiff's counsel of record as required by 28 U.S.C. § 1446(d).

25. To the extent there is opposition to the instant Removal, the Defendant respectfully requests the opportunity to present further memoranda and/or oral argument in support of the position that the case is removable and conduct discovery related to the facts in support of removal.

WHEREFORE, Defendant, Carguard Administration, Inc., respectfully removes this action from the Circuit Court of the City of Lynchburg pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

        **CARGUARD ADMINISTRATION, INC.**
        By Counsel

/s/ Benjamin F. Dill
Benjamin F. Dill (VSB No: 93000)
McAngus Goudelock and Courie, LLC
3901 Westerre Parkway, Suite 225
Richmond, Virginia 23233
Telephone: (804) 944-2999
Fax: (804) 533-1542
Benjamin.Dill@mgclaw.com

## CERTIFICATE

    I hereby certify that a true copy of the foregoing was sent by email this 26th day of November, 2024, to:

    Jeremy P. White, Esquire
    BLUE RIDGE CONSUMER LAW, PLLC
    Lynchburg, VA 24504
    Phone: (434) 201-6800
    Fax: (434) 485-5423
    SBN: 48917
    jeremy@consumerlaw.com
    *Counsel for the Plaintiff*

        /s/Benjamin Dill
          Benjamin F. Dill