LYNCHBURG CIRCUIT                          Case No.:CL24001044-00

FLEMING, HENRY                    vs.      CARGUARD ADMINISTRATION INC

| TABLE OF CONTENTS | | |
|---|---|---|
| Document Index | Date Filed | Page |
| **Manuscripts:** | | |
| INITIAL FILING - COM: | 10/21/2024 | 1 - 10 |
| REQUEST - PRODUCTION OF DOCUMENTS | 10/21/2024 | 11 - 13 |
| INTERROGATORY | 10/21/2024 | 14 - 19 |
| ANSWER | 11/21/2024 | 20 - 29 |
| NOTICE - OF REMOVAL | 11/27/2024 | 30 - 37 |
| FINAL ORDER | 12/02/2024 | 38 - 38 |

I, Kenneth T. Swisher, Clerk of the Lynchburg Circuit, certify that the contents of the record listed in the table of contents constitute the true and complete record, except for exhibits whose omission are noted in the table of contents.

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

12/9/2024

LAURA A. AUSTIN, CLERK
BY:   s/ CARMEN AMOS
DEPUTY CLERK

**Case No. 6:24CV00057**

## VIRGINIA: IN THE LYNCHBURG CITY CIRCUIT COURT

HENRY FLEMING,

          Plaintiff,

v.

                                   Case No.: CL24001044

CARGUARD ADMINISTRATION, INC.,

AUTOPROTECT USA, LLC,

          Defendants.

## COMPLAINT

## INTRODUCTION

    Plaintiff, Mr. Henry Fleming, by counsel, brings this action to redress the refusal to pay for vehicle repairs as required under the extended service contract and misleading Mr. Fleming to purchase the extended service contract. The violations of law occurred when CarGuard Administration, Inc., ("CarGuard") and AutoProtect USA, LLC ("AutoProtect") lied to Mr. Fleming and tricked him into purchasing an extended service contract. Defendants offered an agreement by phone to provide an extended service contract on Mr. Fleming's vehicle for needed repairs. CarGuard refused to complete the needed repairs covered under the extended service contract.

    This Complaint is filed and these proceedings are instituted against CarGuard and AutoProtect under the Virginia Extended Service Contract Act, ("VESCA") Va. Code Section 59.1-435, *et. seq.*, Magnuson-Moss Warranty Enforcement Act ("Mag-Moss") 15 U.S.C. § 2301, *et. seq.*, Virginia Consumer Protection Act ("VCPA") common law fraud and contract for statutory damages, actual damages, attorney fees and costs because of the Defendants' failures.

```
        VALIDATE CASE PAPERS
RCPT : 24000017944
DATE : 10/21/2024 TIME: 11:20
CASE : 680CL24001044-00
ACCT : FLEMING, HENRY
AMT. : $308.00
```

## PARTIES

1. Plaintiff, Mr. Fleming, is a natural person and resident of Lynchburg, Virginia and retired from the school system.

2. CarGuard is authorized to do business in the Commonwealth and its registered agent is InCorp Services, Inc., 7288 Hanover Green Drive, Mechanicsville, Virginia 23111.

3. AutoProtect USA, LLC is a Delaware company that is not registered or authorized to do business in the Commonwealth of Virginia.

4. At all times relevant hereto, AutoProtect was a supplier under the VCPA.

5. At all times relevant hereto, CarGuard is an obligor as defined by VESCA. Va. Code Ann. § 59.1-435 (2024).

6. CarGuard is registered as an extended service provider with the Commonwealth of Virginia.

7. CarGuard offered a service contract to Mr. Fleming as defined by Mag-Moss. 15 U.S.C. § 2301 (2024).

8. CarGuard is a service contractor under Mag-Moss.

## FACTS

9. Mr. Fleming is an individual living in Lynchburg, Virginia.

10. Mr. Fleming purchased a 2018 Jeep Cherokee VIN 1C4RJFAG4JC127224 ("the vehicle") in March 5, 2019 from Lynchburg Mazda with 37,000 miles on it.

11. Defendants engaged in a widespread effort to market and misinform consumers that their warranties were about to expire to entice them into purchasing its products.

12. Auto Protect contacted Mr. Fleming and informed him that his warranty for the vehicle was about to expire.

13. Mr. Fleming had purchased a warranty coverage when he bought his vehicle.

14. Mr. Fleming did not know how AutoProtect had obtained information about his warranty and the date of its expiration.

15. Mr. Fleming, out of concern for the allegedly expiring warranty, agreed to a warranty plan or an extended service contract for the vehicle.

16. AutoProtect, without Mr. Fleming's knowledge, did not provide any of the services.

17. AutoProtect selected another company for Mr. Fleming to deal with.

18. AutoProtect via its representative did not disclose the details of the extended service contract, coverage, limitations or exclusions prior to the purchase.

19. No contract was provided to Mr. Fleming prior to purchase of an extended service contract.

20. CarGuard engaged AutoProtect to market, sell and find customers for it.

21. CarGuard knew of the tactics and unlawful methods AutoProtect used.

22. Mr. Fleming arranged the vehicle service coverage over the phone and no contract was provided to him at the time the service contract was instituted.

23. As a result of the phone contact, CarGuard provided the service contract to him.

24. The service contract covered Mr. Fleming's vehicle.

25. Mr. Fleming had the vehicle regularly serviced at Lynchburg Mazda to keep the vehicle in good running condition.

26. On or about December 21, 2022, Mr. Fleming took the vehicle to Lynchburg Mazda for service, as the check engine light had turned on. As the issue was due to a sensor, it was safe to continue to drive the vehicle.

27. On or about December 4, 2023, Mr. Fleming took the vehicle to Chrysler Dodge Jeep Ram of Lynchburg for service, as it was having issues with the vehicle.

28. Mr. Fleming was advised that the transmission needed to be replaced.

29. Chrysler Dodge Jeep Ram of Lynchburg provided the estimate of $6,692.00 to complete the necessary repairs.

30. As required, the mechanic contacted CarGuard to obtain coverage for the repairs under the extended service contract.

31. The extended service contract covers transmission repair and replacement.

4

32. However, a representative of CarGuard denied coverage for the repairs.

33. Mr. Fleming made multiple attempts to resolve the coverage issue with CarGuard and have the repairs done.

34. While Mr. Fleming was waiting to get approval for the repair, he incurred a rental car bill in the amount of $861.45.

35. To avoid further rental car charges or incur other costs, Mr. Fleming authorized Chrysler Dodge Jeep Ram of Lynchburg to make the necessary repairs to the vehicle.

36. Mr. Fleming paid about $6,700.00 for the needed transmission repair that CarGuard refused to cover.

37. Complaints against CarGuard are common for various types of problems with its services.

38. It wasn't until CarGuard refused to make the needed repairs that Mr. Fleming discovered that AutoProtect had lied to him about his previous warranty expiring.

39. Mr. Fleming paid $3288.00 for the extended service contract with CarGuard.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violation of the Virginia Extended Service Contract Act

40. The preceding paragraphs are incorporated as if set forth fully herein.

41. An extended service contract provider is governed by Virginia law. See Va. Code Ann. § 59.1-435 (2024).

42. Virginia has also issued regulations that govern the conduct of these providers.

43. CarGuard is an extended service contract provider as defined by VESCA.

44. CarGuard violated VESCA when it "improperly denied or failed to honor a purchaser's request" for coverage under the extended service contract. Va. Code Ann. § 59.1-437.1 (2024).

45. A company violates VESCA when "The obligor has engaged or is engaging in any unlawful act or practice." Va. Code Ann. 59.1-437.1(7) (2024).

46. The request was made to the CarGuard to pay for the transmission repair needed for the vehicle.

47. CarGuard improperly then sought to find a way to deny Mr. Fleming's request for coverage and repair.

48. CarGuard has continued to refuse to repair the vehicle under the service contract and honor its approval of the repair.

49. CarGuard engaged in unlawful acts and practices.

50. CarGuard, in connection with AutoProtect, sold the extended service contract with false statements that Mr. Fleming's current warranty was expiring.

51. CarGuard, in connection with AutoProtect, sold the extended service contract by phone without disclosing the terms to Mr. Fleming.

52. CarGuard's conduct was willful.

53. "Any violations of the provisions" of VESCA "shall constitute a prohibited practice" under the Virginia Consumer Protection Act and the extended service contract purchaser is entitled to the remedies set out in the VCPA. Va. Code Ann. § 59.1-441 (2024).

54. CarGuard's willful conduct entitles Mr. Fleming to actual damages, treble actual damages or $1000 whichever is greater; alternatively, if the conduct was not willful, the greater of his actual damages or $500, plus reasonable attorney fees and costs. See Va. Code Ann. § 59.1-204 (2024).

## SECOND CAUSE OF ACTION
### Magnuson-Moss Warranty Act

55. The preceding paragraphs are incorporated as if set forth fully herein.

56. CarGuard provided a service contract under Mag-Moss. 15 U.S.C. § 2301(8) (2024).

57. CarGuard had a duty to provide the terms of the service contract clearly and conspicuously. 15 U.S.C. § 2306(b) (2024).

58. CarGuard had a duty to comply with its obligations under the service contract. 15 U.S.C. § 2310(d)(1) (2024).

59. CarGuard failed to disclose the terms clearly and conspicuously because Mr. Fleming agreed to the service contract by phone and did not have the terms available to him to see or review.

60. Mr. Fleming agreed to the extended service contract by phone and paid over the phone.

61. CarGuard failed to comply with its obligations under the service contract to make the necessary repair to Mr. Fleming's vehicle, which forced Mr. Fleming to pay for the repairs.

62. Due to the violations of Mag-Moss by CarGuard, Mr. Fleming is entitled to his damages and for attorney fees and costs. 15 U.S.C. § 2310(d)(2) (2024).

## THIRD CAUSE OF ACTION
### Breach of Contract

63. The preceding paragraphs are incorporated as if set forth fully herein.

64. Mr. Fleming purchased a service contract that would cover needed repairs to the vehicle.

65. CarGuard agreed to provide covered repairs to the vehicle.

66. CarGuard has breached its duty to cover the repairs under the terms of the service contract.

67. Mr. Fleming has suffered damages and the loss of the use of the vehicle and rental car costs until he paid for the repairs himself.

68. Mr. Fleming is entitled to recovery of damages and specific performance of the contract due to CarGuard's breach.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE VIRIGINIA CONSUMER PROTECTION ACT

69. The preceding paragraphs are incorporated as if set forth fully herein.

70. The VCPA "using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Va. Code Ann. § 59.1-200(14) (2024).

71. Defendants blatantly lied and misrepresented to Mr. Fleming by communicating that the warranty coverage he had was about to expire.

72. Defendants did not have any actual information about the status of his warranties or service contracts.

73. As a result of the lies, Mr. Fleming suffered loss by entering into an extended service contract without any need.

74. Mr. Fleming also suffered loss by having an extended service contract that now won't cover needed repairs.

75. Defendants also violated the VCPA by failing to give Mr. Fleming a full copy of the VSC to review prior to purchase and not disclosing all terms of the extended service contract to Plaintiff so that he could make an informed decision before agreeing to purchase the extended service contract.

76. Defendants' willful conduct entitles Mr. Fleming to actual damages, treble actual damages or $1000 whichever is greater; alternatively, if the conduct was not willful, the greater of his actual damages or $500, plus reasonable attorney fees and costs. See Va. Code Ann. § 59.1-204 (2024).

### FIFTH CAUSE OF ACTION

### FRAUD

77. The preceding paragraphs are incorporated as if set forth fully herein.

78. Defendants made a material misrepresentation that his current warranty for the vehicle was about to expire.

79. Defendants made the misrepresentation with intent that Mr. Fleming should rely on it.

80. Defendants developed this plan to misrepresent facts to entice people to purchase their products.

81. Mr. Fleming reasonably relied upon Defendants' misrepresentations.

82. Mr. Fleming suffered damage in the costs he paid for a product he did not need.

83. Upon CarGuard's refusal to cover the necessary repairs, Mr. Fleming discovered his previous warranty/service contract had not expired at the time Defendants made this misrepresentation, nor was it about to expire.

84. Defendants engaged in the fraud with actual malice or a willful and wanton disregard for the rights of Mr. Fleming, demonstrating reckless disregard for the rights of Mr. Fleming.

85. Defendants' fraud entitles Mr. Fleming to actual damages, injunctive relief declaring contract void, punitive damages, attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Henry Fleming, by counsel, prays that this Court:

1.   Declare that CarGuard violated the VESCA and award Mr. Fleming remedies under the VCPA, including statutory damages, treble damages and attorney fees;

2.   Declare that CarGuard violated Mag-Moss and award Mr. Fleming his damages and attorney fees and costs;

3.   Declare Defendants violated the VCPA;

4.   Declare Defendants committed fraud;

5.   Award injunctive relief;

6.   Award actual damages and costs for breach of contract;

7.   Award statutory and actual damages in the amount of $45,000.00;

8.   Award punitive damages in the amount of $150,000.00;

9.   Award reasonable attorney fees to counsel for Plaintiff; and

8

9

10.    Award such other relief as the Court deems appropriate.

JURY TRIAL DEMANDED

Respectfully submitted,

HENRY FLEMING

By Counsel

Jeremy P. White, Esquire
BLUE RIDGE CONSUMER LAW, PLLC
722 Commerce Street, Suite 215
Lynchburg, VA 24504
Phone: 434.201.6800
Fax:    434.485.5423
SBN:    48917
jeremy@consumerlawva.com
Counsel for the Plaintiff

## VIRGINIA: IN THE LYNCHBURG CITY CIRCUIT COURT

HENRY FLEMING,                          )
                                        )
      Plaintiff,                     )
                                        )
v.                                      )
                                        )
                                        )
                                        )    Case No.: _CL24000441_
                                        )
                                        )
CARGUARD ADMINISTRATION, INC.,          )
                                        )
AUTOPROTECT USA, LLC,                   )
                                        )
      DefendantS.                    )
                                        )
                                        )
                                        )
                                        )
_____ )

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS FROM CARGUARD

     Pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, Plaintiff, Henry Fleming, by counsel, hereby requests Defendant, GarGuard Administration, Inc. (hereinafter "CarGuard" or "defendant") to produce the following documents or other tangible things within your possession, custody or control for inspection and copying at the Blue Ridge Consumer Law, PLLC 722 Commerce Street, Suite 215, Lynchburg, VA, within twenty-eight (28) days after service hereof.

### Definitions and Instructions

A)     Pursuant to Rule 4:9 the term "documents" is used as defined in the Rule and given a broad definition inclusive of electronic information and data.

B)     The terms "possession, custody or control" includes documents within possession custody or control of employees (past or present), agents, accountants or others.

1.  All documents related in any way to the initiation and purchase of Mr. Fleming's extended service contract.

2.  All documents, communications, notes, records, recordings between CarGuard and AutoProtect USA, LLC regarding Mr. Fleming's extended service contract.

3.  All documents showing payments, receipts, communications, phone logs, records, notes or contacts related in any way to Mr. Fleming's extended service contract.

4.  All communications relating in any way to Mr. Fleming's extended service contract, including but not limited to, any claims processing, any claims review, contact with a mechanic or contact with a third party about the extended service contract.

5.  All documents or records of any kind, not previously covered above or produced, including electronically stored information related to Mr. Fleming's extended service contract.

6.  Policies, procedures, employee manuals and handbooks related in any way to employee training, selling extended service contracts, servicing extended service contracts, contacts with mechanics, approval or denial of claims, communication about an extended service contract with mechanics or factors to consider in processing a claim related to the extended service contract.

7.  A copy of all complaints received from federal agencies, state agencies or state Attorneys General from January 1, 2020 to present related to Defendant's, services, products, contracts, responsiveness or its conduct.

8.    All documents, contracts and agreements with AutoProtect USA, LLC or its corporate predecessor relating to all terms between the parties, including, but not limited to, scope of services rendered, limitations on activities, rate of compensation, advertising and procedures for selling extended service contracts from 2019 to 2023.

9.    All documents reviewed, referenced or consulted in answering Plaintiff's first interrogatories.

HENRY FLEMING

By Counsel

Jeremy P. White, Esquire
BLUE RIDGE CONSUMER LAW, PLLC
722 Commerce Street, Suite 215
Lynchburg, VA 24504
Phone: 434.201.6800
Fax:    434.485.5423
SBN:    48917
jeremy@consumerlawva.com
Counsel for the Plaintiff

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT
COURT OF THE CITY OF LYNCHBURG

OCT 21 2024    11:54 TIME M.

TESTE: TODD SWISHER, CLERK

BY: _____ Dep. Clerk

## VIRGINIA: IN THE LYNCHBURG CITY CIRCUIT COURT

HENRY FLEMING,                                 )
                                               )
      Plaintiff,                        )
                                               )
v.                                             )
                                               )
                                               )
                                               )    Case No.: CL24001044
                                               )
                                               )
CARGUARD ADMINISTRATION, INC.,                 )
                                               )
AUTOPROTECT USA, LLC,                          )
                                               )
      Defendants.                       )
                                               )
                                               )
                                               )
                                               )
                                               )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT CARGUARD

      Pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia, Plaintiff, Henry Fleming, by counsel, hereby requests Defendant, CarGuard Administration, Inc. ("CarGuard") to answer each of the following interrogatories separately and fully in writing under oath within twenty-eight (28) days after service hereof.

### DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the words "you" or "your" refer to CarGuard.

2.    As used herein, the word "document" refers to writings, drawings, graphs, charts, photographs, films, video, electronically stored information, and data compilations from which information can be obtained or translated into reasonably usable form.

3.    As used herein, the words "identify" or "identity" when used in reference to a person mean to state the person's full name, last known address and telephone number, and job title and business affiliation at the time of the events alleged in the Complaint. When used in reference to a document,

the words "identify" or "identity" mean to state the type of document, its date and author, and its last known location and custodian. If any document being identified was previously, but is no longer, in your custody or control, please state what happened to it.

4. As used herein, the words "describe in detail" mean to state each discoverable fact with particularity, including the identity of each person having knowledge thereof and the identity of each document relating or pertaining thereto.

5. If you object to fully identifying a document because of a privilege, you must nevertheless provide the following information:

(a)     The nature of the privilege claimed;

(b)     The date of the document;

(c)     The type of document, the custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request including, where appropriate, the author, the addressee and, if not apparent, the relationship between the author and addressee; and

(d)     The general subject matter of the document.

6. If an interrogatory is objected to please state the reason(s) for the objection and answer the interrogatory to the extent it is not objectionable.

7. In answering these interrogatories, please furnish all information in the possession of your subsidiaries, affiliates, agents, partners, officers, directors, employees, joint ventures, bookkeepers, accountants, attorneys, and all others from whom you may freely obtain it.

8. You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Rule 4:1(e) of the rules of the Supreme Court of Virginia.

## <u>INTERROGATORIES</u>

1.  Identify the person or persons responding to these Interrogatories on behalf of CarGuard and identify each person who has provided any information in connection with these Interrogatories.

ANSWER:

2.  Identify and describe in detail training for employees, including documents, online resources and manuals of any kind from 2019 to present, including, but not limited to, sales of extended service contracts, providing services, review of claims, handling of claims for repairs and compensation methods for employees reviewing claims for repairs.

ANSWER:

3.  Identify and describe all notices, correspondence and documents provided to Plaintiff from 2020 to present.

ANSWER:

4.  Describe the communications regarding Plaintiff's extended service policy before purchase, including, but not limited to, all of the terms discussed, any limitations and parameters stated by Plaintiff about the price, timing, coverage and plan period.

ANSWER:

5. Describe the process of the initiation of the extended service contract with Mr. Fleming, including any related communications and identify the individual(s) who dealt with Plaintiff in the process, steps taken to initiate the contract, chronology of steps taken, the dates of contacts, the timing of payments and any discussions with Plaintiff.

ANSWER:

6. Describe the process of Defendant's review and decision regarding Mr. Fleming's claim for repair of his vehicle, identify all individuals involved in that decision, what type of inspection was done, identify all individuals inspecting the vehicle and the credentials of that person(s).

ANSWER:

7. Describe in detail the relationship, any affiliation, corporate connection and agreements for operating with AutoProtect USA, LLC, including, but not limited to, how the relationship was initiated, how often contracts were re-negotiated and the scope of authority given to AutoProtect USA, LLC.

ANSWER:

8. Identify the individuals who were responsible for contact with AutoProtect USA, LLC, ("AutoProtect"), negotiating terms with AutoProtect, reviewing services rendered or products sold by AutoProtect and paying AutoProtect.

ANSWER:

9.  Identify any person having any knowledge or information concerning the matters in dispute in
    this case; and for each such person, provide a brief summary or synopsis of such knowledge or
    information.

ANSWER:

10. Identify all documents referenced or reviewed in answering the above interrogatories.

ANSWER:

STATE OF _____ to wit:

City/County of _____ :

    I, _____, a Notary Public, in and for the Commonwealth
and County aforesaid, do hereby certify that _____ , being sworn and whose signature
is affixed to the foregoing, personally appeared before me and acknowledged the signature thereon
under oath.

    Given under my hand this _____ day of _____ 20___.

_____

_____        NOTARY PUBLIC

My Commission expires:

HENRY FLEMING

By Counsel

Jeremy P. White, Esquire
BLUE RIDGE CONSUMER LAW, PLLC
722 Commerce Street, Suite 215
Lynchburg, VA 24504
Phone: 434.201.6800
Fax:    434.485.5423
SBN:   48917
jeremy@consumerlawva.com
Counsel for the Plaintiff

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT
COURT OF THE CITY OF LYNCHBURG

OCT 2 1 2024     TIME 12:54 M.

TESTE: TODD SWISHER, CLERK

BY: _____ Dep. Clerk

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG

HENRY FLEMING,

 Plaintiff,

v.             Case No. CL24001044

CARGUARD ADMINISTRATION, INC.
AND AUTOPROTECT USA, LLC,

 Defendants.

### ANSWER

COMES NOW the Defendant, CarGuard Administration, Inc., by counsel, and in response to the Complaint filed by Henry Fleming states as follows:

### PARTIES

1. Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 1. As such, they are denied.

2. Defendant admits the allegations in Paragraph 2.

3. Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 3.  As such, they are denied.

4. Denied. This paragraph contains a conclusion of law to which no response is required.

5. Denied. This paragraph contains a conclusion of law to which no response is required.

6. Admitted.

7. Denied. This paragraph contains a conclusion of law to which no response is required.

8.    Denied. This paragraph contains a conclusion of law to which no response is required.

## FACTS

9.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 9.  As such, they are denied.

10.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 10.  As such, they are denied.

11.    Denied.

12.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 12.  As such, they are denied.

13.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 13.  As such, they are denied.

14.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 14.  As such, they are denied.

15.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 15.  As such, they are denied.

16.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 16.  As such, they are denied.

17.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 17.  As such, they are denied.

18.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 18.  As such, they are denied.

19.    Denied.  Defendant has insufficient information to admit or deny the allegations

in Paragraph 19.  As such, they are denied.

20.    Denied.

21.    Denied.

22.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 22.  As such, they are denied.

23.    Admitted in part and denied in part.  It is admitted only that CarGuard provided a service contract to the Plaintiff.

24.    Admitted.

25.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 25.  As such, they are denied.

26.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 26.  As such, they are denied.

27.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 27.  As such, they are denied.

28.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 28.  As such, they are denied.

29.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 29.  As such, they are denied.

30.    Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 30.  As such, they are denied.

31.    Denied.  This paragraph refers to a document (the extended service contract) that speaks for itself and Plaintiff's characterization thereof is denied.

32.    Admitted.

3

33.     Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 33.  As such, they are denied.

34.     Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 34.  As such, they are denied.

35.     Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 35.  As such, they are denied.

36.     Denied.  Defendant has insufficient information to admit or deny the allegations in Paragraph 36.  As such, they are denied.

37.     Denied.

38.     Denied.

39.     Admitted.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE VIRGINIA EXTENDED SERVICE CONTRACT ACT

40.     Defendant incorporates the preceding paragraphs as if set forth fully herein.

41.     Denied. This paragraph contains a conclusion of law to which no response is required.

42.     This paragraph contains a conclusion of law to which no response is required.

43.     Denied. This paragraph contains a conclusion of law to which no response is required.

44.     Denied. This paragraph contains a conclusion of law to which no response is required.

45.     This paragraph refers to a statute which speaks for itself and Plaintiff's characterization is denied.

46.     Admitted.

4

47. Denied.

48. Denied. This paragraph contains a conclusion of law to which no response is required.

49. Denied. This paragraph contains a conclusion of law to which no response is required.

50. Denied.

51. Denied.

52. Denied.

53. This paragraph refers to a statute which speaks for itself and Plaintiff's characterization is denied.

54. Denied. This paragraph contains a conclusion of law to which no response is required.

## SECOND CAUSE OF ACTION
## MAGNUSON-MOSS WARRANTY ACT

55. Defendant incorporates the preceding paragraphs as if set forth fully herein.

56. Denied. This paragraph contains a conclusion of law to which no response is required.

57. Denied. This paragraph contains a conclusion of law to which no response is required.

58. Denied. This paragraph contains a conclusion of law to which no response is required.

59. Denied.

60. Denied. Defendant has insufficient information to admit or deny the allegations in Paragraph 60. As such, they are denied.

61.     Denied.

62.     Denied. This paragraph contains a conclusion of law to which no response is required.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

63.     Defendant incorporates the preceding paragraphs as if set forth fully herein.

64.     Admitted in part and denied in part.  It is admitted only that Mr. Fleming purchased a service contract.  The remaining allegations of this paragraph are denied on the grounds that the service contract speaks for itself, and Plaintiff's characterization of the service contract is denied.

65.     Denied.  This paragraph refers to an agreement (the service contract), which speaks for itself, and Plaintiff's characterization is denied.

66.     Denied. This paragraph contains a conclusion of law to which no response is required.

67.     Denied.

68.     Denied. This paragraph contains a conclusion of law to which no response is required.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT

69.     Defendant incorporates the preceding paragraphs as if set forth fully herein.

70.     This paragraph refers to a statute which speaks for itself and Plaintiff's characterization is denied.

71.     Denied.

72.     Denied.  Defendant has insufficient information to admit or deny the allegations

6

in Paragraph 72. As such, they are denied.

73.     Denied.

74.     Denied.

75.     Denied. This paragraph contains a conclusion of law to which no response is required.

76.     Denied. This paragraph contains a conclusion of law to which no response is required.

## FIFTH CAUSE OF ACTION
### FRAUD

77.     Defendant incorporates the preceding paragraphs as if set forth fully herein.

78.     Denied. This paragraph contains a conclusion of law to which no response is required.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied. Defendant has insufficient information to admit or deny the allegations in Paragraph 83. As such, they are denied.

84.     Denied. This paragraph contains a conclusion of law to which no response is required.

85.     Denied. This paragraph contains a conclusion of law to which no response is required.

86.     Defendant denies that Plaintiff is entitled to the relief sought in the final Prayer for Relief paragraph of the Complaint.

7

87.    Defendant denies all allegations contained in the Complaint not specifically admitted herein.

88.    Defendant denies that Plaintiff was damaged in the amount and to the extent alleged.

89.    Defendant denies that they are indebted to the Plaintiff in any amount, for any cause whatsoever.

90.    Defendant consents to and join in Plaintiff's request for a trial by jury.

91.    In the alternative and to the extent supported by the evidence, Defendant avers that Plaintiff's alleged damages are the result of another or others over whom they had no control and for whom they are not responsible at law or, are a result of a cause or causes beyond their control.

92.    Defendant will rely upon any and all proper and provable defenses that may be revealed through investigation, discovery or the presentation of evidence, including failure to mitigate damages.

WHEREFORE, for the reasons set forth above, Defendant, by counsel, respectfully requests that this action be dismissed and that they be awarded their costs in defending this matter.

CARGUARD ADMINISTRATION, INC.

By Counsel

Benjamin F. Dill (VSB No: 93000)
McAngus Goudelock & Courie, LLC

8

27

3901 Westerre Parkway, Suite 225
Richmond, Virginia 23233
**Mailing Address:** Post Office Box 30307
Charlotte, North Carolina 28230
Telephone: (804) 944-2999
Fax: (804) 533-1542
Benjamin.Dill@mgclaw.com

9

## CERTIFICATE

I hereby certify that a true copy of the foregoing was sent by Email this 20th day of November, 2024, to:

Jeremy P. White
Blue Ridge Consumer Law, PLLC
722 Commerce Street, Suite 215
Lynchburg, Virginia 24504
Email: jeremy@consumerlawva.com
*Counsel for Henry Fleming*

Benjamin F. Dill

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT
COURT OF THE CITY OF LYNCHBURG

NOV 21 2024   TIME 10:34 M.

TESTE: TODD SWISHER, CLERK

BY: J. Harris   Dep. Clerk

10

29

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG

HENRY FLEMING,

     Plaintiff,

v.                                      Case No. CL24001044

CARGUARD ADMINISTRATION, INC.,

and

AUTOPROTECT USA, LLC,

     Defendants

## NOTICE OF FILING OF REMOVAL

PLEASE TAKE NOTICE, defendant Carguard Administration, Inc., filed a *Notice of Removal* pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 in the United States District Court for the Western District of Virginia. A copy of the *Notice of Removal* is attached hereto and incorporated herein as **Exhibit A.**

                                           **CARGUARD ADMINISTRATION, INC.**
                                           By Counsel

Benjamin F. Dill (VSB No: 93000)
McAngus Goudelock and Courie, LLC
3901 Westerre Parkway, Suite 225
Richmond, Virginia 23233
Telephone: (804) 944-2999
Fax: (804) 533-1542
Benjamin.Dill@mgclaw.com

## CERTIFICATE

I hereby certify that a true copy of the foregoing was sent by email this 26th day of November, 2024, to:

Jeremy P. White, Esquire
BLUE RIDGE CONSUMER LAW, PLLC
Lynchburg, VA 24504
Phone: (434) 201-6800
Fax: (434) 485-5423
SBN: 48917
jeremy@consumerlaw.com
*Counsel for the Plaintiff*

Benjamin F. Dill

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT
COURT OF THE CITY OF LYNCHBURG

NOV 27 2024      TIME
                 10:26 M.

TESTE: TODD SWISHER, CLERK
BY._____ Dep. Clerk

EXHIBIT

**A**

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

HENRY FLEMING,

     Plaintiff,

v.                                                     Case No.

CARGUARD ADMINISTRATION, INC.,

and

AUTOPROTECT USA, LLC,

     Defendants

### NOTICE OF REMOVAL

COMES NOW the defendant, Carguard Administration, Inc. ("Carguard"), by counsel, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby files its *Notice of Removal* of this action from the Circuit Court for the City of Lynchburg, Virginia to the United States District Court for the Western District of Virginia. As addressed herein below, this honorable Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the properly joined and served parties to the litigation, and the amount in controversy is in excess of $75,000, exclusive of interests and costs. In further support of this Removal, the Defendant states as follows:

### INTRODUCTION

1.     Plaintiff initiated this action on October 21, 2024 by complaint (hereinafter, the "Complaint") in the Circuit Court for the City of Lynchburg, Virginia against Carguard and AutoProtect USA, LLC ("AutoProtect") (collectively, the "Defendants"), the said action being assigned case number CL24001044.

1

2.      Plaintiff's Complaint generally alleges Carguard (1) violated the Virginia
Extended Service Contract Act when it "improperly denied or failed to honor a purchaser's
request" for coverage under the extended service contract (Compl. ¶ 44); (2) violated the
Magnuson-Moss Warranty Act when it failed to disclose the terms of the service contract
clearly and conspicuously (Compl. ¶ 59); and (3) breached its duty to cover the repairs
under the terms of the service contract, resulting in Plaintiff suffering damages and the loss
of the use of the vehicle and rental car costs (Compl. ¶ 66, 67).

3.      Plaintiff's Complaint further alleges that the Defendants violated the
Virginia Consumer Protection Act (Compl. ¶¶69-76) and engaged in fraud with actual
malice or willful and wanton disregard for the rights of the Plaintiff (Compl. ¶ 84).

4.      The Complaint demands statutory and actual damages in the amount of
$45,000, and punitive damages in the amount of $150,000. (Compl. at PRAYER FOR
RELIEF).

## GROUNDS FOR REMOVAL

I.      REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT
        MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

        a.      Removal is timely and the amount in controversy exceeds $75,000.

5.      Plaintiff properly served the Complaint on Carguard on October 30, 2024.

6.      Removal is timely pursuant to 28 U.S.C. 1446(b)(3) because Defendant's
Notice of Removal was made within thirty (30) days of service of process being made on
October 30, 2024.

7.      Because Plaintiff seeks a total of $195,000 in statutory, actual, and punitive
damages relating to this claim, the amount in controversy, exclusive of interest and costs,
exceeds $75,000 as required by 28 U.S.C. § 1332(a).

b. There is complete diversity among the parties.

8. Upon information and belief, at all times relevant hereto, including at the time of the filing of his Complaint and the instant Removal, Plaintiff was a citizen and resident of Lynchburg, Virginia. (Compl. ¶ 1)

9. For the purposes of 28 U.S.C. §§ 1332 and 1441, a corporation is a citizen of each State and foreign state by which it has been incorporated or it has a principal place of business. 28 U.S.C. § 1332(c)(1).

10. Carguard is a Kansas corporation, with its principal place of business in Scottsdale, Arizona.

11. AutoProtect is a Delaware company, with its principal place of business in Maryland Heights, Missouri.

12. Accordingly, at all relevant times hereto, including at the time of the filing of Plaintiff's Complaint in state court and at the time of this Removal, there is complete diversity among the parties at issue in this case and removal is proper under 28 U.S.C. §§ 1332 and 1441(b).

II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.

13. This Court also has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

14. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

15. Federal question jurisdiction exists where a plaintiff pleads federal violations on the face of the complaint. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S.C. 804, 808 (1986). Under the well-pleaded complaint rule, a defendant may remove a case

3

34

to federal court if "the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1883) (emphasis omitted).

16.     A case "arises under" federal law when the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

17.     It is well-established that a single claim over which federal question jurisdiction exists is sufficient for removal. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-66 (1997).

18.     This Court has jurisdiction of this case under §§ 1441(b) and 1331 because Plaintiff alleges claims arising under the laws of the United States *i.e.,* the Magnuson-Moss Warranty Act. (Compl. ¶ 55-62). Plaintiff alleges Carguard provided a service contract under Magnusson-Moss and had a duty to provide the terms of the service contract clearly and conspicuously under 15 U.S.C. § 2306(b) (2024). (Compl. ¶ 56, 57). Plaintiff alleges Carguard breached that duty when it failed to disclose the terms of the service contract clearly and conspicuously, thus entitling Plaintiff to damages and attorney fees and costs under 15 U.S.C. § 2310(d)(2) (2024). (Compl. ¶ 59-62).

19.     Magnuson-Moss Warranty Act is a federal law, enforced by the Federal Trade Commission, which governs warranties on consumer products to "improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products." 15 U.S.C. § 2302(a).

4

35

20.     Accordingly, this Court should exercise federal question jurisdiction here.

III.    VENUE AND OTHER REQUIREMENTS ARE SATISFIED.

21.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1) and 1441(b). Consistent with 28 U.S.C. § 1441(a), venue for removal is proper in this District and Division because this District and Division embraces the Circuit Court for the City of Lynchburg, the forum in which the removed action was pending. Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(b)(2).

22.     The Defendants are not a citizens of the Commonwealth of Virginia, the state where this action was originated. *See*, 28 U.S.C. § 1441(b)(2).

23.     Pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, and orders served in the original state court action as of this date are collectively attached hereto as **Exhibit A.**

24.     Pursuant to 28 U.S.C. § 1446(d), the Defendant filed a written notice of removal with the Clerk of the Circuit Court for the City of Lynchburg, a copy (without exhibits) of which is attached hereto as **Exhibit B**. A copy of the instant *Notice of Removal* is being served upon Plaintiff's counsel of record as required by 28 U.S.C. § 1446(d).

25.     To the extent there is opposition to the instant Removal, the Defendant respectfully requests the opportunity to present further memoranda and/or oral argument in support of the position that the case is removable and conduct discovery related to the facts in support of removal.

WHEREFORE, Defendant, Carguard Administration, Inc., respectfully removes this action from the Circuit Court of the City of Lynchburg pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

5

36

**CARGUARD ADMINISTRATION, INC.**
By Counsel

/s/ Benjamin F. Dill
Benjamin F. Dill (VSB No: 93000)
McAngus Goudelock and Courie, LLC
3901 Westerre Parkway, Suite 225
Richmond, Virginia 23233
Telephone: (804) 944-2999
Fax: (804) 533-1542
Benjamin.Dill@mgclaw.com

## CERTIFICATE

I hereby certify that a true copy of the foregoing was sent by email this 26th day of November, 2024, to:

Jeremy P. White, Esquire
BLUE RIDGE CONSUMER LAW, PLLC
Lynchburg, VA 24504
Phone: (434) 201-6800
Fax: (434) 485-5423
SBN: 48917
jeremy@consumerlaw.com
*Counsel for the Plaintiff*

/s/Benjamin Dill
Benjamin F. Dill

6

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT
COURT OF THE CITY OF LYNCHBURG

NOV 27 2024     TIME
10:28 M.

TESTE: TODD SWISHER, CLERK
BY: _____ Harris _____ 37 Dep. Clerk

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/2/2024
LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

HENRY FLEMING,

                        *Plaintiff,*

        v.

CARGUARD ADMINISTRATION, INC, *et al.,*

                        *Defendants.*

CASE NO. 6:24-cv-00057

ORDER  *CL24001044*

JUDGE NORMAN K. MOON

This case was recently removed from the Circuit Court for the City of Lynchburg to the United States District Court for the Western District of Virginia at Lynchburg.  This Court, finding it necessary and proper to do so, hereby REQUESTS that the original case file in your Court be forwarded to the Clerk of this Court at 1101 Court Street, Room A66, Lynchburg, Virginia 24504, or submitted through this Court's Case Management and Electronic Case Filing system (CM/ECF).

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for the City of Lynchburg.

Entered this 2nd day of December, 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT
COURT OF THE CITY OF LYNCHBURG

DEC 0 5 2024    TIME 11:16 A M.

TESTE: TODD SWISHER, CLERK
BY:                          Dep. Clerk

38